Appeal from a judgment of the County Court of Kings County convicting the appellant of the crime of assault in the first degree and sentencing him, as a second offender, to ten to twenty years imprisonment in Sing Sing. Judgment reversed on the law and a new trial ordered. The findings of fact implicit in the verdict of the jury are affirmed. The crimes for which the defendant was indicted were assault in the first and second degrees. The defendant invoked the defense of self-defense. The court, inter alia, charged that to sustain such a defense it must be found that the defendant “ did not use any more force than was reasonably necessary ” and that “ he actually believed that he was in danger at the time he fired ” the shot. This injecting of the added element of fear or belief in peril was error. The latter element is only pertinent in respect of the crime of homicide. (People v. Kate, 263 App. Div. 883, and cases cited therein.) The error was prejudicial and requires a reversal even though no exception was taken thereto. (People v. Danhberg, 91 App. Div. 67.) The defendánt is not estopped to invoke this error, on the theory of consent or waiver, as he may not be held to the terms of a definition of a crime or a defense thereto different in substance from those prescribed by statute. Here the pertinent statutes in respect of a defense to the crime changed were section 42 and subdivision 3 of section 246 of the Penal Law. Neither contains a reference to the element of fear.or belief in peril. This latter element is only pertinent under section 1055 of the Penal Law, on an indictment for homicide. The court may exercise its power under section 527 of the Code of Criminal Procedure to relieve from prejudicial error in the absence of an exception. Hagarty, Acting P. J., Carswell, Johnson, Adel and Sneed, JJ., concur.